UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RYAN ROWE,** on behalf of himself and other individuals similarly situated, known and unknown, <br><br> *Plaintiff,* <br><br> v. <br><br> **WALMART INC.,** <br><br> *Defendant.* | Case No. |

**CLASS ACTION COMPLAINT**

Plaintiff Ryan Rowe ("Plaintiff"), on behalf of himself and other individuals similarly situated, known and unknown, for their Class Action Complaint against Defendant Walmart Inc. ("Defendant" or "Walmart") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff brings this class action lawsuit against Walmart seeking all available relief under the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay overtime and other earned compensation for time spent on Defendant's premises at the beginning and end of the workday. Such time is compensable work time under Illinois law.

2. Walmart's failure to pay for all time worked by its Illinois employees, and its failure to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq*.

3. Walmart's failure to pay for all time worked by its Illinois employees violates the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq.*

4. In the alternative to the IWPCA claim, Plaintiff raises a claim for quantum meruit under Illinois law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Defendant are citizens of different states.

6. Plaintiff Ryan Rowe is a citizen of Illinois.

7. Defendant is a citizen of Delaware and Arkansas.

8. The number of proposed class members exceeds 100 individuals.

9. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

10. Plaintiff Rowe worked for Defendant in Elwood, Illinois, which is in this District and Division.

## THE PARTIES

11. Plaintiff Rowe is an individual residing in Bloomingdale, Illinois. At all relevant times, Plaintiff Rowe has been domiciled in and is a resident of the State of Illinois.

12. The "Class Members," as further defined below, are all current and former hourly paid Warehouse Associates of Walmart who have worked in Walmart's distribution facilities in Illinois (referred to as "the Illinois Warehouses").

13. Defendant is a corporation headquartered in Bentonville, AR.

14. Defendant is incorporated in Delaware.

15. Defendant is registered to do business in Illinois.

16. At all material times, Walmart was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and Class Members. *See* Illinois Minimum Wage Law, 820 ILCS § 105/3(c); Illinois Wage Payment and Collection Act, 820 ILCS § 115/2.

17. At all material times, Plaintiff and Class Members were employees of Walmart within the meaning of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. 820 ILCS § 105/3; 820 ILCS § 115/2.

## FACTUAL BACKGROUND

18. Walmart is a leading multinational retail corporation that provides its customers with opportunities to shop for merchandise in Walmart's retail stores and order merchandise for delivery to their homes and businesses through Walmart's web and mobile applications.

19. In order to support its operations, Walmart operates sortation and distribution facilities in Illinois and across the country.

20. The Illinois Warehouses Walmart operates are located throughout the state of Illinois, including but not limited to Elwood, Joliet, Minooka, Olney, Oswego, Spring Valley, and Sterling.

21. The Illinois Warehouses Walmart operates are large in size.

22. Plaintiff Rowe worked for Walmart as an hourly, non-exempt Warehouse Associate at the Walmart distribution center located in Elwood, Illinois at 26537 South Walton Drive

("Elwood Warehouse") from approximately June 2022 through April 2024. Plaintiff Rowe also worked for Walmart as an hourly, non-exempt Warehouse Associate at the Walmart distribution center located in Joliet, Illinois at 3501 South Brandon Road ("Joliet Warehouse") for approximately one month in December 2023.

23. In one or more individual work weeks during the prior three (3) years, Plaintiff Rowe worked more than 40 hours for Walmart.

24. Plaintiff worked with hundreds of other hourly paid Warehouse Associates at Walmart's Elwood Warehouse.

25. Plaintiff worked with hundreds of other hourly paid Warehouse Associates at Walmart's Joliet Warehouse.

26. At the beginning of the workday, Defendant required Plaintiff and other Class Members to go through security screenings. The time spent going through the security screenings included time that Plaintiff and other Class Members had to wait while other employees were also lined up to go through security screenings.

27. Defendant did not pay Plaintiff and other Class Members for time they spent waiting to undergo and undergoing the mandatory security screenings.

28. After going through the security screenings, Walmart required Plaintiff and other Class Members to walk within the Illinois Warehouses to clock in on the time clock.

29. Walmart did not pay Plaintiff and other Class Members for the time they spent walking in the Illinois Warehouses before they clocked in on the time clock.

30. Walmart typically required Plaintiff and other Class Members to be at their assigned work locations by the start time of their scheduled shifts.

31. At the end of the workday, Defendant required Plaintiff and other Class Members to "clock out," walk through Defendant's Illinois Warehouses, and then wait in line and undergo a security screening before exiting the Illinois Warehouses.

32. Defendant did not pay Plaintiff and other Class Members for time associated with such mandatory walk time or security screenings.

33. Defendant did not pay Plaintiff and Other Class Members for all time they were required to be on Defendant's premises after they clocked out and before they were permitted to exit the Illinois Warehouses.

34. For the majority of his employment with Walmart, Plaintiff Rowe was a full-time employee generally scheduled to work 40 hours per work week. As such, his paid time combined with his unpaid time generally totaled over 40 hours per work week.

35. The unpaid time Plaintiff was required to be at Defendant's Illinois Warehouses should have been paid by Walmart because it constitutes compensable time worked.

36. Under the IMWL, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

37. The time Walmart required its hourly employees to be on the premises of its Illinois Warehouses constitutes "hours worked" under the law.

38. The pre-shift time Walmart required its hourly employees to be on Walmart's premises, including but not necessarily limited to the time Walmart required hourly employees to complete a security screen and to walk within the Illinois Warehouses to the time clock

constitutes "hours worked" under Illinois law.

39. The time Walmart required its hourly employees to walk within the Illinois Warehouses from the time clock to the security screen and to complete the security screen before exiting the Illinois Warehouses constitutes "hours worked" under Illinois law.

40. In light of Walmart's conduct in not compensating Class Members for all hours worked, Plaintiff and Class Members are owed significant unpaid wages and penalties.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes, which are comprised of:

**Illinois Minimum Wage Law Class**

> **All current and former hourly paid Warehouse Associates of Walmart who were paid for working at least 38 hours in at least one work week in Illinois in the three-year period before the filing of the Class Action Complaint to the final resolution of this Action.**

**Illinois Wage Payment and Collection Act Class**

> **All current and former hourly paid Warehouse Associates of Walmart who worked at one of Walmart's Illinois Warehouses in at least one work week in Illinois in the ten-year period before the filing of the Class Action Complaint to the final resolution of this Action.**

42. In the alternative to the claim filed under the Illinois Wage Payment and Collection Act, Plaintiff brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Quantum Meruit Class, which is comprised of:

**Quantum Meruit Class**

> **All current and former hourly paid Warehouse Associates of Walmart who worked at one of Walmart's Illinois**

      **Warehouses in at least one work week in Illinois in the five-year period before the filing of the Original Complaint to the final resolution of this Action.**

43. Plaintiff and Class Members are not exempt from the IMWL or IWPCA.

44. Defendant agreed to pay Plaintiff and Class Members an hourly rate of pay for all time worked.

45. Under the IWPCA, Plaintiff and Class Members are entitled to be paid their agreed upon hourly rate for all time they work in individual work weeks.

46. Under the IMWL, Plaintiff and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

47. Plaintiff and Class Members are similar to one another because they were all subject to the same allegedly illegal practices: failing to pay wages for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday.

48. The Illinois Minimum Wage Law Class includes more than 500 members.

49. The Illinois Wage Payment and Collection Act Class includes more than 500 members.

50. The Quantum Meruit Class includes more than 500 members.

51. As a result, the Classes are so numerous that joining all Class Members in one lawsuit is not practical.

52. Plaintiff's claims are typical of the Class Members' claims because as a result of Walmart's company-wide policies, Plaintiff and Class Members were not paid for all time worked each day and all overtime wages earned in individual work weeks and are owed significant unpaid wages.

53. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

54. Plaintiff retained counsel experienced in complex class action litigation.

55. Common issues of law and fact predominate over any individual questions in this matter. The common issues of law and fact include, but are not limited to:

   a. Whether Walmart's practice of failing to pay for all time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday violates the IMWL and IWPCA;

   b. Whether Walmart failed to pay Plaintiff and Class Members all the wages they earned;

   c. Whether Walmart failed to pay Plaintiff and Class Members wages for all overtime hours worked; and

   d. The proper measure of damages sustained by Plaintiff and Class Members.

56. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

57. Plaintiff, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity. Class certification will eliminate the need for duplicate litigation.

59. The prosecution of this matter in hundreds of identical, individual lawsuits would create a risk of inconsistent results and would establish incompatible standards of conduct for Walmart.

60. The identities of the Class Members are readily identifiable from Walmart's records.

## COUNT I

### Violation of the Illinois Minimum Wage Law

61. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

62. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in one work week. *See* 820 Ill. Comp. Stat § 105/4a(1).

63. Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

64. During all relevant times, Plaintiff and the IMWL Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

65. Plaintiff and the IMWL Class Members are not exempt from the IMWL.

66. Plaintiff and the IMWL Class Members worked in excess of 40 hours in at least one work week during the applicable Class Period.

67. As described in the foregoing paragraphs, Defendant's policy and practice of not paying for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday violates the IMWL. *See* 820 ILCS §§ 115/1 *et seq*.

68. Defendant knowingly failed to compensate Plaintiff and the IMWL Class Members for all hours worked, and hours worked in excess of forty (40) hours in a work week, in violation of the IMWL.

69. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiff and IMWL Class Members for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, treble damages, statutory penalties in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## COUNT II

### Violation of the Illinois Wage Payment and Collection Act

70. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

71. The IWPCA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

72. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of five percent (5%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

73. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

74. Plaintiff and the IWPCA Class Members are employees for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

75. Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

76. Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the IWPCA Class Members for all time they worked at the hourly rates Defendant agreed to pay them for the work they performed.

77. As a direct and proximate result of this practice, Plaintiff and the IWPCA Class Members have suffered loss of income and other damages to be determined at trial.

78. As such, Defendant is liable to Plaintiff and IWPCA Class Members for all unpaid hourly wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14.

## COUNT III

### Quantum Meruit (Pleaded in the Alternative to the IWPCA Count)

79. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

80. Walmart implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo security screenings at the beginning and at the end of each shift.

81. The security screenings were imposed by Walmart as a requirement to work each shift.

82. The security screenings were conducted on the premises of Walmart.

83. At the beginning of employees' workdays, Walmart also implemented a company-wide policy requiring each of its hourly, non-exempt employees to walk within the Illinois Warehouses to the time clock without pay.

84. Near the conclusion of employees' workdays, Walmart implemented a company-wide policy requiring each of its hourly, non-exempt employees to walk within the Illinois Warehouses from the time clock and to the security screen before exiting the Illinois Warehouses.

85. The unpaid walking time was imposed by Walmart as a requirement to work each shift.

86. The walking time occurred on the premises of Walmart, was required by Walmart, and was necessary for each employee to perform their work for Walmart.

87. Walmart did not pay employees for the time they spent undergoing the security screenings.

88. Walmart did not pay employees for the time associated with walking to the time clock.

89. Walmart did not pay employees for the time associated with walking from the time clock to the exit at the conclusion of the workday.

90. Plaintiff and the Quantum Meruit Class provided and furnished to Walmart their valuable time and services by submitting to required security screenings and walking time within the Illinois Warehouses.

91. Walmart benefitted from the time Plaintiff and the Quantum Meruit Class spent in Walmart's facility prior to clocking in on the time clock and after clocking out on the time clock.

92. It would be unjust for Walmart to retain the benefit of the time Plaintiff and the Quantum Meruit Class spent in Walmart's facility prior to their clock in times.

93. Walmart benefitted from the time Plaintiff and the Quantum Meruit Class spent in Walmart's facility after Plaintiff and the Quantum Meruit Class clocked out on the time clock.

94. It would be unjust for Walmart to retain the benefit of the time Plaintiff and the Quantum Meruit Class spent in Walmart's facility after they clocked out on the time clock.

95. Plaintiff and the Quantum Meruit Class, by providing unpaid labor, conveyed a benefit to Walmart which Walmart knowingly received.

96. Instead of incurring significant business, operating, and labor costs by paying for these services, Walmart knowingly shifted that responsibility, risk, and considerable cost to Plaintiff and the Quantum Meruit Class. As a result, Walmart was unjustly enriched because those shifted costs were borne and absorbed by Plaintiff and the Quantum Meruit Class.

97. Walmart is not entitled to this benefit without payment to Plaintiff and the Quantum Meruit Class, and retention of such benefits, without payment, would be unjust to Plaintiff and the Quantum Meruit Class.

98. By the course of conduct set forth above, Walmart is liable to Plaintiff and the Quantum Meruit Class under a theory of Quantum Meruit.

99. Due to Walmart's actions, Plaintiff and the Quantum Meruit Class are entitled to recover all of their unpaid regular (but not overtime) compensation, and such other legal and equitable relief stemming from Walmart's conduct.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and on behalf of all Class Members, prays that the Court:

1. Certify that this action may proceed as a class action;

2. Appoint Plaintiff as Representative of the Class, and appoint his counsel as Class Counsel;

3. Find and declare that Walmart's policies and/or practices described above violate Illinois laws;

4. Award all unpaid wages, treble damages, statutory penalties, interest, and/or restitution to be paid by Walmart for the causes of action alleged herein;

5. Award costs, and expenses, including reasonable attorneys' fees and expert fees;

6. Award pre-judgment and post-judgment interest, as provided by law; and

7. Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Dated: December 11, 2025

Respectfully submitted,

*s/Douglas M. Werman*

Douglas M. Werman
Maureen A. Salas
Anne Kramer
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
akramer@flsalaw.com

***Attorneys on behalf of Plaintiff***